345 So.2d 1120 (1977)
STATE of Louisiana
v.
Bernard FRANCIS.
No. 58466.
Supreme Court of Louisiana.
January 24, 1977.
On Rehearing May 16, 1977.
*1121 Dominic J. Gianna, New Orleans, of counsel, Robert E. Leake, Jr., Hammett, Leake, Hammett, Hulse & Nelson, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A bill of information charged the defendant, Bernard Francis, with the distribution of heroin, a violation of LSA-R.S. 40:966. A jury found the defendant guilty as charged. The defendant received the mandatory life sentence.
The defendant appeals, relying on six assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The defendant avers that the trial judge improperly admitted State's exhibits 1, 2, 3, 4, and 5 into evidence as the State failed to establish a proper chain of custody. These exhibits consist of an open lock-sealed envelope in which the undercover agent placed the substance obtained from the defendant (S-1), an open mailing envelope in which the undercover agent placed S-1 for mailing (S-2), a closed lock-sealed envelope in which the chemist placed the substance obtained from the defendant after testing (S-3), a registered return receipt (S-4), and a registered receipt requested form (S-5).
When the State introduced S-4 and S-5 into evidence, defense counsel stated "I will not object to either one." (Tr. p. 77). Thus, the defense waived any complaint on appeal relative to the admission of S-4 and S-5. LSA-C.Cr.P. Art. 841.
At trial, defense counsel made the following objection to the admission of S-1, S-2, and S-3:
"I object to the introduction of the evidence, because I don't think the chain of evidence is complete as to Mr. Wein [Mr. Wener], who received it allegedly has not testified." (Tr. p. 77).
*1122 In brief, the defendant expands his argument to include several other grounds to support his basic contention. The purpose of an objection is to apprise the trial judge of the specific basis for the complaint, so that the trial judge can intelligently rule on the complaint and take corrective action, when necessary. See State v. Nicolaus, La., 340 So.2d 296 (1976). Since the objection made at trial only apprised the judge of one specific ground for objection, the judge had no opportunity to rule on the additional grounds. These additional grounds cannot be raised for the first time on appeal. LSA-C.Cr.P. Art. 841; State v. Rossi, La., 273 So.2d 265 (1973); State v. Jones, 250 La. 1007, 201 So.2d 105 (1967).
The only issue properly before us is whether the failure of the State to call Mr. Wener to testify rendered the tangible evidence inadmissible because of a faulty foundation.
Undercover Agent Logan testified that he purchased a plastic bag bound by a green rubber band containing 24 tin foil packages of powder from the defendant at 4909 St. Claude Avenue. He then brought the bag to the New Orleans Regional Office of the Drug Enforcement Administration. There he weighed it, logged it, and initialed the original containers. He sealed the entire package in a lock-sealed envelope (S-1). He then placed this envelope into a larger envelope (S-2) and sent it by registered mail to the Southeastern Regional Laboratory in Miami. Agent Logan identified S-1 from his signature which appears across its flap on the back and S-2 by the registered mail number assigned by the post office. (The registered mail number on S-2 corresponds to the number on S-5, the registered receipt requested form.)
Mr. Owensby, a special agent with the Drug Enforcement Administration, testified that he witnessed Agent Logan prepare the substance obtained from the defendant for mailing. He assisted in this preparation by signing his name across the seal of the envelope carrying the substance (S-1). He identified the lock-sealed envelope designated as S-1 by his signature which appears on its back.
Mr. Arnold, a forensic chemist at the laboratory, testified that Mr. Wener, the supervisory chemist, received the envelopes in the mail. Arnold based this conclusion on the fact that Wener's initials appear below the date stamp embossed on both S-1 and S-2. Arnold could identify Wener's initials and signature, since he has seen them approximately six times a day for six years. In addition, Wener's signature is on S-4 as the addressee's agent.
Mr. Arnold additionally testified that he received the S-1 envelope intact and the S-2 envelope opened and emptied. He opened S-1 and found 24 packets, each containing a powder. After conducting five different tests on 14 random packets, he then tested the composite. Each test revealed the presence of heroin. Arnold then placed the packets and the powder into a locked sealed envelope (S-3). He locked and sealed the envelope, put his name and the date he performed the analysis on its back. He stapled all three envelopes, S-1, S-2, and S-3 together and gave it to the evidence custodian. The custodian placed it in the vault. Arnold could recognize S-1, S-2, and S-3 as the envelopes he handled by his signature or initials on each. Arnold further testified that S-3 was in the same condition as when last he examined it, unopened.
No witness positively traced the location of the evidence in question from the time the custodian placed it in the vault until the trial. On the morning of the trial Agent Logan gave the evidence to Mr. Arnold.
The condition of the physical evidence, S-1, S-2, and S-3, corroborates the details of the above testimony.
In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), U.S. cert. denied 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972), we stated:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to *1123 the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
"The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 264 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
"The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton's Criminal Evidence (12th ed.), § 673, p. 617."
See also State v. Perkins, La., 337 So.2d 1145 (1976); State v. Jones, La., 332 So.2d 466 (1976).
Here, the failure of the State to call Mr. Wener to testify does not render the evidence inadmissible. The foundation meets the above standard, and the evidence was properly admitted at the trial.

ASSIGNMENT OF ERROR NO. 2
At the close of the State's case, the defense made two motions. The first was a motion for a directed verdict based on the allegation that since the State did not introduce the heroin, it fell short of the requisite burden of proof.[1] The second was a motion to quash based on the contention that the State breached its commitment with the defendant to nolle prosequi the charge if the heroin was not located. The defense assigns as error the trial court's denial of both motions.
When the defense asserts that the trial judge committed reversible error in denying his motion for a directed verdict, this Court will overturn the conviction only if there is no evidence of the crime or an essential element thereof. State v. Smith, La., 332 So.2d 773 (1976); State v. Butler, La., 331 So.2d 425 (1976); State v. Kaufman, La., 331 So.2d 16 (1976).
Agent Logan testified that he received 24 packets of powder wrapped in tin foil contained in a plastic bag which was fastened with a green rubber band. He mailed this to Miami. The analysis conducted by a chemist in Miami revealed that this substance was heroin. The chemist further testified that he placed the substance tested into a lock-sealed envelope designated S-3, and sealed it. At trial he identified S-3 as this envelope. The envelope remained in the same condition at trial as it had when placed in the laboratory vault.
The defense contends that the heroin was not specifically introduced, but only the envelope (S-3), itself. When the State mentioned S-3, undoubtedly the reference was both to the envelope and its contents. (Tr. p. 18). For the formal admission of S-3, there was no mention of either the envelope or its contents. (Tr. p. 77).
The S-3 envelope holds a sealed plastic sleeve. Taped on the outside of the sleeve is a green rubber band and a Bureau of Narcotics and Dangerous Drugs evidence sticker. The signature of Agent Logan, the date the agent seized the evidence, and the case number appear on the sticker. This number corresponds to the number displayed on both the S-1 and the S-3 envelopes. The initials of Mr. Arnold, the chemist, and the evidence number also appear on the outside of the sleeve. The same evidence number is on S-1, S-2, and S-3. Inside the plastic sleeve is another plastic bag which contains a brown powder and *1124 several tin foil squares. Mr. Arnold's initials and the evidence number are on this plastic bag.
We conclude that there is some evidence of the crime charged.
The defendant further argues that the trial judge improperly overruled his motion to quash which was grounded on the argument that the State breached its commitment with the defendant to dismiss the charge if they were unable to locate the evidence.
The trial judge properly overruled this motion for the following reasons: the ground urged is not a legal ground for the granting of the motion (LSA-C.Cr.P. Arts. 532 and 534), the motion was untimely (LSA-C.Cr.P. Art. 535), and finally, the defense failed to submit the motion in proper written form (LSA-C.Cr.P. Art. 536). See State v. Shezbie, La., 332 So.2d 243 (1976); State v. Lewis, 255 La. 623, 232 So.2d 294 (1970).
Moreover, as shown above, the State possessed the tangible evidence and tendered it at the trial. Hence, on the merits, the motion to quash is unfounded.

ASSIGNMENT OF ERROR NO. 3
The defendant assigns as error the lower court's denial of his motion for a new trial. This motion was based on the ground that the court erred in denying the motion for a directed verdict.
Louisiana Code of Criminal Procedure Article 853 provides in pertinent part:
"A motion for a new trial must be filed and disposed of before sentence."
The record reveals that the court sentenced the defendant on November 27, 1974, and that the defendant filed his written motion for a new trial on December 2, 1974. As this motion was untimely, the trial judge properly denied it. See State v. Navarre, La., 289 So.2d 101 (1974); State v. Arnold, 259 La. 139, 249 So.2d 552 (1971).
Moreover, for the reasons outlined in Assignment of Error No. 2, we conclude there is some evidence of the crime charged.

ASSIGNMENT OF ERROR NO. 4
The defendant asserts that the trial court improperly denied his motions for a directed verdict and a new trial on the ground that the State breached its formal commitment to the defense to nolle prosequi the charge if the State failed to locate the evidence.
As we have concluded in Assignment of Error No. 2, this contention is without merit.

ASSIGNMENT OF ERROR NO. 5
The defendant argues that the continuance granted by the trial court violated Louisiana Code of Criminal Procedure Article 708 in that the court granted it after the trial had begun.
Article 708 prohibits the granting of a continuance subsequent to the beginning of trial. This contention, however, is not viable on appeal. The defendant not only failed to object at trial, but also joined the State in the request for the continuance. LSA-C.Cr.P. Art. 841; State v. Nance, La., 315 So.2d 695 (1975); State v. Lewis, supra.

ASSIGNMENT OF ERROR NO. 6
In two supplemental briefs the defendant urges that State v. Ford, La., 338 So.2d 107 (1976) warrants reversal of his conviction. This Court overturned Ford's conviction because the court reporter neglected to record the entire trial as prescribed in Louisiana Code of Criminal Procedure Article 843.
The record contains the following certificate made by the trial court reported:
"I, Ellis M. Gill, Official Court Reporter, hereby certify that I have carefully perused my shorthand notes of October 9, 1974;
"That no objections were noted by counsel for defense during voir dire examination, opening statement by the State, closing argument by the State, charge to the jury or polling the jury in the above named and numbered matter;
"That normal procedure for transcript on appeal in Criminal District Court is to *1125 excerpt objections taken by counsel for defense, except of witnesses under oath, during the trial on the merits;
"That in Section `A' of the Criminal District Court all of the aforementioned trial proceedings are recorded, including rebuttal argument by the State."
The defendant requested that the entire record of the proceedings, the transcript of the trial, and the exhibits introduced be lodged with this Court. See LSA-C.Cr.P. Art. 845. The reporter prepared a record in accordance with normal procedure, including a transcript of all the evidence. See LSA-C.Cr.P. Art. 843. Defendant argues, however, that the appellate record should also contain the voir dire examination of the jurors, the District Attorney's opening statement, the closing arguments to the jury, and the trial judge's charge to the jury. Concededly, no objections were made during these proceedings. Defendant's basic position is that the absence of these items deprives this Court of helpful background and a full understanding of the case.
Under constitutional and statutory provisions, this Court's review in criminal cases is restricted to questions of law based upon defense objections and assignments of error. LSA-Const. Art. 5, § 5(C) (1974); LSA-C.Cr.P. Art. 841. Hence, the record before us is adequate for full appellate review. See State v. Mack, 243 La. 369, 144 So.2d 363 (1962), affirmed Mack v. Louisiana, 372 F.2d 170 (5th Cir. 1966), U.S. cert. denied 373 U.S. 917, 83 S.Ct. 1306, 10 L.Ed.2d 416 (1963). We conclude that the holding in State v. Ford, supra, is inapplicable here.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
Defense counsel argues that the accused, who was charged and convicted of distribution of heroin, was improperly convicted because the material tested was not the same material which was taken from the defendant and which formed the basis on which he was charged. He asserts that, even if the state met the legal burden of establishing chain of custody, that the material tested could simply not have been the same material that was taken from him because the material tested weighed sixty percent more than the substance he possessed.
The state's witnesses testified at trial that the material taken from the accused weighed 6.53 grams. State's exhibit number one. No chemical analysis was done on the material immediately after its seizure; instead, it was sent by police officers to Miami, Florida to be tested in the laboratory there. The man who tested the material, Mr. Arnold, testified at trial that the material he tested weighed 10.79 grams and that only .078 grams, a miniscule amount of the substance, was found to be heroin. The only proof that the substance defendant Francis was selling was heroin (in other words, the testimony on which his conviction and life sentence were based) was Mr. Arnold's assertion that the substance he tested contained the illegal drug. Since the substance he tested weighed about sixty percent more than the material taken from defendant, and since only a miniscule portion of the gross substance tested, i. e., less than eight hundredths of a gram, tested out as heroin, defendant claims that a mistake must have been made at the Miami testing laboratory, or somewhere, causing a totally different substance to be misidentified as the material taken from defendant, or causing a mixture between the substance taken from defendant and another substance containing heroin.
The majority opinion does not address itself to this contention of defendant's, but merely states that defendant failed to properly raise "several other grounds" because he made no objection to the introduction of the envelopes used to transport the material to and from the Miami laboratory, except on the basis of the meritless claim that the state failed to adequately prove chain of custody. For this reason, the majority neither *1126 reviews nor even presents what is defendant's main contention on this appeal: that the substance tested as heroin which formed the basis for his conviction could not have been the substance taken from him.
Contrary to the majority's stated assumption in the discussion of assignment of error number two, the heroin which formed the basis of defendant's conviction was never introduced into evidence. As the trial judge stated in his per curiam, "In the course of the trial, counsel for the State negligently failed to introduce the tin foil packets . . .." [emphasis added] Again the judge stated, "[T]he State did have in its possession the evidence in this case although it failed to introduce the evidence in the course of the trial." [emphasis added] And again the trial judge reasserted that the "Failure of the State to introduce the evidence precludes the State from exhibiting tin foil packets to the jury, and I so instructed counsel for the State." [emphasis added] It is therefore unquestionable that, although the state had in its possession the material which by chemical analysis contained a miniscule amount of heroin, it never did introduce that evidence at the trial. That fact alone, of course, does not invalidate the conviction, because a person may be properly convicted of heroin possession on the strength of the chemist's expert opinion that the substance he tested was heroin as well as the state's proof through chain of custody that the substance taken from defendant was indeed the illegal substance tested by the chemist. See State v. Franks, 284 So.2d 584 (La.1973). However, the fact that the heroin was not ever offered by the state for introduction into evidence precluded defense attorney's objecting to the material on the basis that it was not the same substance taken from defendant. Defense counsel made his chain of custody objection to the envelopes which were introduced by the state to establish chain of custody. He could not object to their introduction on the basis that they contained a substance different from the one taken from him because the envelopes did not contain any material. It is, I believe, therefore improper for the majority to refuse to review the major argument made in brief by this accused: that he possessed no heroin, and that the substance taken from him could not, according to the state's own description of the material, have been the substance tested which formed the basis of his conviction.
I believe that defendant's contention that the facts of this case so seriously impair the quality of evidence as to require reversal for failure to prove by any evidence an essential element of the case, the issue raised in assignment number two, has merit, and for that reason I dissent.

ON REHEARING
PER CURIAM:
After consideration on rehearing, we reinstate our original judgment with the following modification of the decree:
For the reasons assigned, the conviction and sentence are affirmed. However, we reserve to the defendant the right to a further evidentiary hearing on the issue of whether the substance contained in the envelope is the substance purchased from him, with authority for the trial judge to grant appropriate relief if warranted. The right to appeal an adverse ruling is reserved to the defendant. The case is remanded to the district court for further proceedings in accordance with this decree.
TATE and DENNIS, JJ., concur and assign reasons.
DIXON and CALOGERO, JJ., dissent, being of the opinion a new trial must be granted in the circumstances of this case.
TATE and DENNIS, Justices, concurring.
Upon his conviction of distribution of heroin, La.R.S. 40:966, the defendant was sentenced to life imprisonment. On original hearing, we affirmed his conviction and sentence. We granted rehearing primarily because of the defendant's forceful representations that the heroin introduced in evidence to prove his guilt was not identified as that purchased from him.
*1127 The primary cause for our concern was that the agent, who had purchased the alleged heroin from the defendant noted its gross weight as 6.53 grams. The chemist, who analyzed a certain substance allegedly received (through several intermediaries) from the agent, found that the package's gross weight was 10.79 grams. Because of this great discrepancy in weight, as well as several other suspicious circumstances (including the state's failure to locate the evidence at the time initially set for the trial three days previously), we felt that a serious issue was presented as to whether the chain of custody is adequately proved.

(1)
The usual rule is that the identification of the object seized as that introduced into evidence does not require sworn testimony by each participant in the chain of custody. "For admission, it suffices that the custodial evidence establishes it as more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient." State v. Dotson, 260 La. 471, 256 So.2d 594, 608-09 (1971). Further, if the evidence is properly admitted, "the lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury." State v. Dotson, supra.
Nevertheless, despite some language in Dotson and its progeny which (out of context) indicates otherwise, an issue of law, not purely fact, is presented by the trial judge's initial determination that it is more probable than not that the physical object offered for presentation in evidence is connected with (i.e., is relevant to) the case. State v. Foret, 196 La. 675, 200 So. 1 (1941); 1 Wigmore on Evidence, Sections 28, 29 (3d ed. 1940). As with all other questions of law, this issue is reviewable upon appeal to this court. La. Constitution of 1974, Article 5, Section 5(C).
In the first place, the evidence is not relevant unless identified or authenticated as connected with the case. State v. Foret, 196 La. 675, 200 So. 1 (1940); McCormick on Evidence, Section 212 (2d ed. 1972), 7 Wigmore on Evidence, Section 2129 (3d ed. 1940); Weinstein's Evidence, Section 403[05] (Volume 1) and Section 901(a)[2] (Volume 5) (1976); 1 Underhill's Criminal Evidence, Section 115 (6th ed. 1973); 2 Wharton's Criminal Evidence, Section 675 (12th ed. 1955). "[Physical] [e]vidence is not relevant, and hence not admissible, unless it is identified by testimonial proof," State v. Foret, cited above, at 200 So. 4.
Therefore, if prejudice resulted from the trial court's erroneous admission of irrelevant evidence, the defendant upon appeal is entitled to a reversal of his conviction. State v. Foret, 196 La. 675, 200 So. 1 (1941). See also: State v. Jones, 316 So.2d 100 (La.1975); State v. Chevallier, 213 La. 528, 35 So.2d 135 (1948); State v. Blassengame, 132 La. 250, 61 So. 219 (1913); State v. Butler, 114 La. 596, 38 So. 466 (1905).[1]

(2)
In the present instanceif we overlook for the moment the difference in weight between the heroin seized from the accused and the heroin analyzed in the laboratory, the evidence reasonably shows an unbroken chain of custody, from the time of the alleged heroin's purchase from the accused, until the time the envelope allegedly containing it was introduced in evidence (for the reasons specified in more detail by our majority opinion).
Providing "no circumstance casts doubt on the identity of the evidence introduced with that seized from or near the defendants", the state need not call witnesses to prove each link of an unbroken chain of custody preponderantly shown by the sworn testimony of the purchasing officer and the analyzing chemist. State v. Cloud, 319 *1128 So.2d 793, 796 (La.1975). Connexity may be preponderantly shown by these witnesses' identification of the envelopes containing the identified substances and their reasonable explanation from firsthand knowledge of the identifying receipts of those who handled the envelopes between seizure and trial.
Nevertheless, a different issue is presented where the evidence suggests substantial doubt as to the identity or connexity between the incriminating object purchased and the object offered for introduction into evidence.
As stated by McCormick on Evidence, Section 212 at pp. 527-28 (2d ed. 1972): "* * * if the offered evidence is of such a nature as not to be readily identifiable, or to be susceptible to alteration by tampering or contamination, sound exercise of the trial court's discretion may require a substantially more elaborate foundation. A foundation of the latter sort will commonly entail testimonially tracing the `chair of custody' of the item with sufficient completeness to render it improbable that the original item has either been exchanged with another or been contaminated or tampered with."
In the present case, substantial doubt that the substance introduced in evidence (analyzed as containing heroin) is the identical substance purchased from the accused may well arise: The evidence shows that the substance analyzed at the laboratory had a gross weight of 10.79 grams, while the allegedly illegal substance purchased had a gross weight of only 6.53 grams.
Upon the trial court's noting this gross discrepancy in weight, or upon proper objection by the accused, the evidence should have been excluded as not having been shown more probably than not to be relevant; or else, before its admission, the state should have been at least required by way of further foundation to reasonably explain the discrepancy so as preponderantly to show the requisite connexity.

(3)
The difficulty in the present case arises because trial counsel did not object to introduction of the evidence on this ground (i.e., that the discrepancy in weight cast doubt upon the identity of the substance introduced in evidence with that purchased from the accused).
If indeed the objection to requisite proof of the foundation of connexity had been based on that ground, perhaps the state could have produced a satisfactory explanation for the discrepancy.[2] At any rate, the trial court would have possibly sustained the objection and would not have committed error by admitting evidence not preponderantly shown by way of foundation to have have been the substance seized from the accused.
Reasons such as these require a party objecting to the admission of evidence to set forth his grounds for the objection. If he does not do so, he ordinarily waives his right to rely upon the admission as erroneous after the verdict. La.C.Cr.P. art. 841.
We have ultimately determined to deny reversal on such basis: The defendant's trial objection to admissibility of the substance analyzed was grounded, not upon the discrepancy of weight as casting doubt upon the requisite identity. It was instead asserted upon the ground that the person who first receipted for the containing envelope in Miami was not called as part of the foundationnormally unnecessary, at least if no real issue is otherwise presented which casts doubt upon the identity of the substance introduced.
However, we have affirmed with this qualification:
*1129 If indeed the envelope contains no heroin (as the state witnesses had testified), or if indeed the envelope contains heroin identified therein as purchased or seized from someone other than the accused,[3] the conviction could not stand: The state's use of false or non-existent testimony to secure a conviction offends constitutional due process. Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967).
We have therefore specifically reserved to the defendant the right, by way of postconviction application, to apply for and obtain an evidentiary hearing on the issue of whether the substance weighing 10.79 grams and analyzed as containing heroin is indeed the substance purchased from him, which allegedly weighed 6.53 grams, upon which his conviction of distributing heroin is based.

(4)
On rehearing, the defendant likewise reurges that his motion for a directed verdict of acquittal was improperly denied. The basis for this motion is that, although the envelope allegedly containing the heroin was introduced, the heroin itself was not separately introduced. Allegedly, there is therefore no evidence that he distributed heroin, as alleged.
The denial of a directed verdict of acquittal does not present a reversible issue issue on appeal unless no evidence is introduced to prove the offense or an essential element of it. State v. Smith, 332 So.2d 773 (La. 1976).
However, the evidence of the purchasing agent, in connection with the evidence of the analyzing evidence, presents "some" evidence that the accused sold a substance identified as heroin to the agent: The lack of requisite proof of connexity may justify a reversal for a new trial because of incorrect admission of prejudicial evidence; it does not convert erroneously admitted evidence into "no" evidence, so as to justify a directed verdict of acquittal. City of Monroe v. French, 345 So.2d 23 (rendered April 11, 1977).
We find no merit to this assignment.

Conclusion
For the reasons assigned, we concur in the majority opinion.
NOTES
[1] This trial occurred prior to the effective date of Act 527 of 1975 which eliminated the directed verdict in all jury trials.
[1] A converse may be equally true: "* * * objections based on the ground of irrelevancy are the weakest known to law and furnish no basis for a reversal of a conviction, save in exceptional cases where substantial prejudice is shown." State v. Bailey, 233 La. 40, 96 So.2d 34, 40-41 (1957). (Italics ours.)
[2] Following oral argument, a "supplemental per curiam" by the trial court was filed with us, somewhat in the nature of a supplemental brief prepared by the assistant district attorney who had argued the rehearing. The trial court has frankly admitted that the factual explanation suggested by this per curiam was not based upon any evidence taken and further suggested that it should not be considered by this court, except as a possible reason to remand for an evidentiary hearing on the issue, since (as the appellant's appellate counsel correctly insists) we should not consider evidence outside the record in determining the merits of this appeal.
[3] The envelope itself, with its contents was introduced into evidence; however, its contents were not themselves extracted from the sealed envelope for purposes of separate introduction into evidence for the jury's consideration. We recognize the force of the appellant's argument that we should not ourselves affirm the conviction, based upon our own in camera and ex parte inspection of the contents of the envelope. Nevertheless, to assure against a gross miscarriage of justice, we have opened the envelope and assured ourselves it contains packages of a brown substance which seem on their face (on the basis of our ex parte viewing) to be identified as purchased from the accused and to be in accord with their visual description by the state witnesses.