PER CURIAM.
Defendant Bernard Francis was charged by bill of information with distribution of heroin in violation of La.R.S. 40:966(A)(1). On October 9, 1974, after trial by jury, he was found guilty as charged. The trial court imposed the mandatory sentence of life imprisonment. Defendant appealed his conviction and sentence to this Court relying on several assignments of error. This *885 Court affirmed his conviction, State v. Francis, 345 So.2d 1120 (La.1977), but also noted that despite the establishment of an adequate chain of custody over the evidence (24 tin-foil packets) by the state, a substantial discrepancy existed between the weight of that evidence as measured in New Orleans by the arresting officer, and as measured in Miami, Florida by a chemical analyst. The Court, therefore, remanded the case to the district court for a redetermination of the connexity of the evidence to this prosecution, with the right of appeal reserved to defendant in the event of an adverse ruling. State v. Francis, 345 So.2d at 1126.
The trial court conducted an evidentiary hearing pursuant to the remand order on August 22, 1978. At the conclusion of the hearing, the court concluded that it had not erred in admitting the evidence at trial. Defendant now appeals from that ruling.
We have reviewed the evidence adduced at the hearing below and have determined that there was no error in the trial court’s ruling. Together with the chain of evidence that we found established in State v. Francis, supra, testimony at the hearing provides a satisfactory explanation for the weight discrepancy, and a satisfactory basis for the trial court’s conclusion that more probably than not the evidence was connected with the case and properly before the jury. State v. Drew, 360 So.2d 500 (La.1978).
Accordingly defendant’s conviction and sentence are affirmed.
CALOGERO, J., dissents.