449 So.2d 1376 (1984)
STATE of Louisiana, Appellee,
v.
Ruthie S. COOPER, Appellant.
No. 16199-KW.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1377 Hunter & Scott by Louis G. Scott, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Robert S. Kennedy, Jr., Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
We granted a writ to review the trial court's ruling denying the defendant's motion to quash a bill of information charging her with possession of marijuana in violation of LSA-R.S. 40:966. We reverse and grant defendant's motion.
On January 21, 1983 the defendant, Ruthie S. Cooper, and her husband, Isiah Cooper, Jr., were arrested for possession of marijuana. A single attorney was hired by both parties. The attorney allegedly worked out a plea bargain agreement with the Ouachita Parish District Attorney's Office on February 9, 1983. The terms of the agreement provided that Mr. Cooper would plead guilty to a charge of possession of marijuana and in return, charges would not be filed against Mrs. Cooper.
At Mrs. Cooper's arraignment on February 14, 1983, the state declined to bring charges. Mr. Cooper was arraigned February 23, 1983. He refused to plead guilty at that time because he was advised by the *1378 trial court his sentence could include a prison term and Mr. Cooper was under the impression he would only be fined. A bill of information was filed the same day charging only Mr. Cooper with possession of marijuana. He subsequently pled guilty to the charge on April 12, 1983. An amended bill of information was filed July 25, 1983 charging Mrs. Cooper with the same offense.
The motion to quash was based upon the state's alleged breach of the plea bargain agreement.[1] After a hearing on the motion, the trial judge filed a written ruling in which he made the following findings:

RULING
From the evidence presented at hearing of the Motion to Quash filed by Ruthie S. Cooper, the Court finds that Isiah William Cooper, Jr. entered a plea of guilty to this offense of possession of marijuana on the condition and representation by an Assistant District Attorney that his wife would not be charged with the offense. Subsequently, an amended bill was filed which charged Mrs. Cooper as a co-defendant. The plea bargain was an agreement between Mr. Cooper and the state. Since the state did not keep its agreement, justice and fair play may allow Mr. Cooper to withdraw his plea of guilty. However, Mrs. Cooper was not a party to the breached agreement and has no standing to quash the information.
The Motion to Quash filed by Ruthie S. Cooper is denied.
In brief, the state contends the trial judge's finding that the plea bargain agreement existed was incorrect. We disagree. The motion to quash was filed September 21, 1983 and the hearing was held October 12, 1983. At the hearing, the state called no witnesses. The only witnesses who testified were Mr. and Mrs. Cooper and their attorney. The attorney testified to the negotiations and the acceptance of the agreement by the District Attorney's office. When the Coopers were individually called to the stand, the state stipulated that their understanding of the agreement was that if Mr. Cooper pled guilty, Mrs. Cooper would not be charged. The records of the court on February 14, 1983, the date Mrs. Cooper was scheduled for arraignment, twice contained the statement by the Assistant District Attorney that the state declined to charge Mrs. Cooper:
By Mr. Aycock: If we could return to the very beginning of the arraignment docket, # 01 is Ruthie S. Cooper. Your Honor, the state has declined to accept that charge on Ms. Cooper. It was a possession of marijuana.
By Mr. Scott: And we waive her presence. She had been ordered to be here today.
By the Court: So you're dismissing, there's no charge?
By Mr. Aycock: Or declining it. Yes, Your Honor.
The contents of a tape which had recorded the district attorney's comment to defense counsel at a bench conference held on April 12, 1983 at the time Isiah Cooper pled guilty, was stipulated at the hearing on the motion to quash. The Assistant District Attorney's comment was "No, we are not even charging her or we didn't even charge her." The court records of February 14th and the stipulated contents of the tape recording of the Assistant District Attorney's remarks on April 12th, fully corroborate the testimony of the witnesses who testified to the existence of the plea bargain. We find, under the totality of the circumstances, the existence of the agreement was proved. We further observe the state presented no evidence to disprove the plea bargain, even though it had adequate notice of the grounds for the motion to quash prior to the hearing.
In support of its position the state cites two cases where it was found that the *1379 existence of a plea bargain agreement was not proved. State v. Baudoin, 334 So.2d 186 (La.1976); State v. Lockwood, 399 So.2d 190 (La.1981). Both cases are distinguishable from the instant case. In Baudoin, the evidence was in conflict as to whether the District Attorney ever approved the plea bargain. Here, there is no contradictory evidence; on the contrary, all the evidence establishes the plea bargain and this was found as a fact by the trial judge. In Lockwood, there was no evidence that a plea bargain ever existed.
The relief Mrs. Cooper seeks requires that two issues be resolved in her favor. Those issues are:
(1) Whether she has standing to have the plea bargain agreement between the state and her husband specifically enforced; and
(2) If so, whether the motion to quash is the proper procedural device to raise the issue.
Issue # 1
The disposition of criminal charges by the process known as plea bargaining has been characterized as an "essential component" of the criminal justice system. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a plea rests in any significant degree on a promise by the prosecution, that promise must be fulfilled. Santobello v. New York, supra; State v. Redfearn, 441 So.2d 200 (La.1983). It is a denial of due process when the state fails to carry out its promise which induced the defendant to plead guilty. State v. Neitte, 363 So.2d 425 (La. 1978); State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hayes, 423 So.2d 1111 (La. 1982); State v. Redfearn, supra.
When these principles of law are applied to the facts of the instant case, it is clear Mr. Cooper's due process rights were violated by the state's breach of the plea bargain agreement. The promise his wife would not be charged with possession of marijuana was the primary inducement for his guilty plea and the state failed to carry out its promise.
Because of the peculiar facts surrounding the plea, we find that Mrs. Cooper's due process rights were also violated by the state's breach of the plea bargain agreement. She was the beneficiary of the agreement. The state promised not to charge her but did so after Mr. Cooper carried out his end of the bargain. Such conduct shocks our sense of justice and is contrary to fundamental fairness.
Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to court. The requirement of standing is satisfied if it can be said that the plaintiff has a legally protectible interest at stake. Guidry v. Roberts, 331 So.2d 44 (La.App. 1st Cir.1976); Black's Law Dictionary, 5th Ed., p. 1260. An accused has a right to be dealt with fairly at all stages of the criminal proceedings against him and can have that right judicially enforced. Mrs. Cooper's right to be treated fairly was violated. The trial court erred in finding she had no standing to have the plea bargain agreement specifically enforced.
Even if it could be said that Mrs. Cooper's individual right to due process was not violated by the breach of the plea bargain agreement, Louisiana law still affords her the right to have the agreement enforced. It has been held that a plea bargain agreement is a contract between the state and the accused. State v. Nall, 379 So.2d 731 (La.1980). In that case the supreme court based its decision of whether a plea bargain agreement was enforceable on principles of civil contract law.
The plea bargain agreement in the instant case is analogous to a contract containing a stipulation pour autrui.[2] A party to a contract may make some advantage *1380 for the benefit of a third person his consideration for entering the contract; and if the third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked without his consent. LSA-C.C. 1890; LSA-C.C. 1902; Capital Loans, Inc. v. Stassi, 195 So.2d 670 (La.App. 1st Cir.1967).
The state's promise not to charge Mrs. Cooper with possession of marijuana was the primary consideration received by Mr. Cooper for his agreement to plead guilty and Mrs. Cooper consented to avail himself of the stipulation in her favor.[3] The state cannot unilaterally revoke the stipulation. Mrs. Cooper has the right to have it judicially enforced. See State ex rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478 (La.1976); Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969).
Issue # 2
Louisiana's statutory law on motions to quash is found in Title XV of the Code of Criminal Procedure consisting of articles 531-538. Article 531 defines the nature of the motion. It provides, "all pleas or defenses raised before trial ... shall be urged by a motion to quash." (emphasis supplied). Articles 532[4] and 534[5] contain a list of grounds for motions to quash bills of information. The list of grounds for the motion in these articles is merely illustrative. See State v. Reaves, 376 So.2d 136 (La.1979); State v. Tanner, 425 So.2d 760 (La.1983). The matters that can be raised by the motion are limited to pleas and defenses which do not go to the merits of the case. State v. Patterson, 301 So.2d 604 (La.1974); State v. Rembert, 312 So.2d 282 (La.1975); State v. Reaves, supra.
The amended bill of information charging Mrs. Cooper with possession of marijuana should never have been filed because of the plea bargain agreement. The stipulation in her favor contained in the agreement was a defense which did not go *1381 to the merits of the case. The issue was properly raised by motion to quash. See State v. Tanner, supra.[6]
For the foregoing reasons, the ruling of the trial court is reversed. The motion to quash the amended bill of information is granted.
NOTES
[1] Defendant also urged that the bill of information was invalid because it was amended after Mr. Cooper pled guilty. The trial judge found this contention to be without merit. Since we find the bill should have been quashed on other grounds, we do not consider whether the finding on this issue was correct.
[2] We note that the analogy is not perfect. In order for a contract containing a stipulation pour autrui to be enforceable, the stipulation must be in writing. Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971). Here there is no evidence that the plea bargain agreement was in writing. The lack of a written instrument does not render the analogy invalid, however, since the writing requirement addresses itself to problems of proof. We have found that the existence of the plea bargain agreement was proved, not only by the testimony of Mr. and Mrs. Cooper but by declarations of the Assistant District Attorney made in open court in connection with criminal judicial proceedings related to Mr. and Mrs. Cooper. These circumstances justify the enforcement of the stipulation pour autrui in this criminal case, even though it does not meet the requirement that it be in writing.
[3] Express acceptance or consent to the stipulation in his favor by the third party is not required. An assertion by the third party of his claim may be sufficient. First State Bank v. Burton, 225 La. 537, 73 So.2d 453 (1954); Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969). Mrs. Cooper at least accepted by asserting her claim in the motion to quash.
[4] Art. 532. General grounds for motion to quash

A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
[5] Art. 534. Special grounds for motion to quash information

A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.
[6] We note that in State v. Francis, 345 So.2d 1120 (La.1977), it was stated that the state's breach of an agreement with the defendant is not a legal ground for a motion to quash. Tanner holds to the contrary. During the course of that opinion the supreme court pointed out that the motion in Francis was untimely, unwritten and without merit. (See footnote 2 on p. 762 of the Tanner opinion.)