JJ1DWARD A. DUFRESNE, JR., Chief Judge.
The Grand Jury for St. John the Baptist Parish returned an indictment charging defendant, Erroll Cola, with four counts of distribution of cocaine in violation of LSA-R.S. 40:967 A(l). He pled not guilty and subsequently filed a motion to quash the indictment on the basis of a prior plea *1105 agreement in another case, number 98-741. After a hearing, the trial court denied the motion to quash. Thereafter, defendant entered a Crosby[1] plea to one count of distribution of cocaine pursuant to a plea bargain wherein the state agreed to dismiss the remaining three counts in the indictment. Defendant was sentenced to nine years of imprisonment to run concurrent with his sentence previously imposed in case number 98-741. Defendant now appeals, asserting as error the trial court’s denial of his motion to quash.
Defendant argues that the institution of the present indictment | {¡against him was a breach of a plea bargain agreement and, therefore, the trial court erred in denying his motion to quash the indictment.[2] Defendant asserts he entered into a plea agreement on June 29, 2000 in case number 98-741, where it was agreed that all other charges were to be dropped. He maintains that the charges in the present indictment arise from incidents that occurred prior to the June 29, 2000 plea agreement and, therefore, the indictment should be quashed.
On June 29, 2000, defendant entered a guilty plea to a charge of distribution of cocaine in case number 98-741 pursuant to a plea agreement. In connection with his plea, defendant executed a waiver of rights form that stated he would receive a five year sentence and “all charges against defendant to be dropped (any that are filed & pending).” During the Boykinization of defendant, the trial court stated that under the plea agreement defendant would receive a five year sentence and that “all other charges against defendant [would] be dropped, and that includes charges that are filed and pending.” Upon accepting defendant’s guilty plea, the trial court sentenced defendant to five years and again stated, “[I]t is also the sentence that ... all charges against [defendant] will be dropped, any that are filed and pending.”
Approximately ten days later, on July 10, 2000, the present ^indictment against defendant was filed charging him with four counts of distribution of cocaine. The incidents upon which the indictment were based occurred on June 23, 27 and 28, 2000, prior to his June 29, 2000 guilty plea in case number 98-741. Defendant maintains he was misled into believing that charges stemming from crimes that occurred prior to the guilty plea would be dropped. He further asserts that it was misleading to allow him to plead guilty with the belief that any pending charges would be dropped if the District Attorney’s office was planning to file additional charges several days later.
The United States Supreme Court has stated that “when a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be tui *1106 filled.” Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When the state fails to comply with its agreements that induced a defendant to plead guilty, due process is denied. State v. Redfearn, 441 So.2d 200 (La.1983).
In the present case, there is no evidence that defendant pled guilty based on the state’s promise not to file charges for incidents that occurred only days prior to the guilty plea. The waiver of rights form and the transcript of the guilty plea hearing clearly indicate that the state would drop any and all charges that were filed and pending. The language, “filed and pending,” was specifically included at all stages of the plea discussions to clarify what charges were to be dropped. There is nothing in the record that suggests there were any off-the-record discussions regarding the committed but not yet formally charged crimes. Accordingly, we find that the trial court did not err in denying defendant’s motion to | ¿quash.
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no patent errors in this case.
Accordingly, for the reasons set forth herein, defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La.1976).

. Defendant specifically asserts that the failure of the trial court to quash his indictment constitutes double jeopardy. However, the crux of defendant's argument is that the indictment should be quashed because it breaches a plea agreement. It appears defendant attempted to justify his use of a motion to quash. In particular, LSA-C.Cr.P. art. 532 provides specific grounds upon which a motion to quash can be based. The breach of a plea agreement is not among the listed grounds whereas double jeopardy is. However, the Louisiana Supreme Court has noted that a motion to quash is the proper procedural vehicle to challenge an indictment based on the breach of a plea agreement. See State v. Tanner, 425 So.2d 760 (La.1983) and State v. Cooper, 449 So.2d 1376 (La.App. 2 Cir.1984).