**Marcus GARVEY, Plaintiff,**

v.

**Walter R. KELLY, Superintendent, Attica Correctional Facility, Defendant.**

No. 96–CV–6548L.

United States District Court, W.D. New York.

June 6, 2000.

Marcus Garvey, Collins, NY, petitioner pro se.

Loretta S. Courtney, Monroe County District Attorney, Rochester, NY, for Howard R. Relin, District Attorney of Monroe County, intervenor-defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Petitioner, Marcus Garvey, while confined at the Attica Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial in Supreme Court, Monroe County, petitioner was convicted on each of four counts involving the sale and possession of narcotics. These charges stemmed from two drug sales made to an undercover police officer. On July 28, 1989, Garvey was sentenced to a term of imprisonment of fifteen years to life.

In October 1989, Garvey filed a motion in the trial court to vacate his convictions under section 440.10 of the New York Criminal Procedure Law. The ground for relief asserted in that motion was that he had been denied effective assistance of counsel. In January 1990, Monroe County Court Judge John Connell denied petitioner's motion.

Garvey appealed from his convictions to the Appellate Division, Fourth Department, alleging, *inter alia*, various evidentiary errors, insufficiency of the evidence, and ineffective assistance of counsel. The Appellate Division unanimously affirmed

Garvey's convictions. *People v. Garvey*, 186 A.D.2d 983, 590 N.Y.S.2d 813 (4th Dep't 1992). In so doing, the Appellate Division ruled that "[t]he verdict was supported by sufficient evidence and was not against the weight of the evidence," and that "the record fails to demonstrate that defendant was deprived of the effective assistance of counsel." *Id.* The New York Court of Appeals denied leave to appeal. *People v. Garvey*, 81 N.Y.2d 839, 595 N.Y.S.2d 738, 611 N.E.2d 777 (1993).

Garvey's habeas corpus petition originally raised three grounds for relief: (1) denial of his right to a fair trial as a result of evidentiary errors, a ground which Garvey subsequently withdrew (Dkt.9, para.3); (2) insufficiency of the evidence against him; and (3) ineffective assistance of counsel at the pretrial stage and at trial.

## DISCUSSION

### I. Habeas Corpus—General Standards

■ The purpose of allowing state court convictions to be collaterally attacked by means of a petition for a writ of habeas corpus is not simply to add another tier of appellate review at the federal level. "Federal courts are not forums in which to relitigate state trials." *Herrera v. Collins*, 506 U.S. 390, 401, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Rather, this court's function in considering Garvey's petition is to determine whether his conviction violated the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

In accordance with that principle, Congress has placed certain restrictions on the nature and extent of review that a federal court can conduct in considering a § 2254

petition. In particular, section 2254(d) of Title 28 provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1]

The Supreme Court recently expounded upon this language in *Williams v. Taylor*, — U.S. —, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Writing for the majority on this issue, Justice O'Connor stated that a state court's decision can be "contrary to" the Supreme Court's precedent in two ways: first, "[a] state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Second, a "state-court decision will also be contrary to [the Supreme] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court] precedent." *Id.* at 1519–20.

Justice O'Connor further stated that "[t]he text of § 2254(d)(1) ... suggests that the state court's decision must be *substantially different* from the relevant

---

1. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, which amended the habeas corpus statute. Because petitioner filed his habeas petition after the AEDPA's effective date, the AEDPA amendments to the federal habeas statute apply to this case. *Williams v. Taylor*, — U.S. —, 120 S.Ct. 1479, 1486, 146 L.Ed.2d 435 (2000).

precedent of [the Supreme] Court." *Id.* at 1519 (emphasis added). Even if "the federal court considering the prisoner's habeas application might reach a different result applying" relevant Supreme Court precedent, so long as the state court applied the correct legal rule from Supreme Court cases, such a "run-of-the-mill" state court decision could not be deemed "contrary to" Supreme Court precedent. *Id.* at 1520. As for the "unreasonable application" prong of § 2254(d)(1), Justice O'Connor stated that "when a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within the provision's 'unreasonable application' clause." *Id.* at 1521.

■ In addition, section 2254(e)(1) of Title 28 states that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "The touchstone for a reasonable determination is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.'" *Sellan v. Kuhlman,* 63 F.Supp.2d 262, 267 (E.D.N.Y.1999) (quoting *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.), *cert. denied,* 522 U.S. 819, 118 S.Ct. 72, 139 L.Ed.2d 32 (1997)); *see also Smith v. Sullivan,* 1 F.Supp.2d 206, 210 (W.D.N.Y. 1998) (AEDPA's amendments to § 2254 "ha[ve] clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court decision was defective in some way").

## II. Sufficiency of the Evidence

■ Garvey's claim that there was insufficient evidence to support the verdict against him is meritless. A petitioner is not entitled to habeas relief unless, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because the prosecution does not have to rule out every hypothesis other than guilt, a court faced with a record which supports conflicting inferences must presume that the trier of fact resolved such conflicts in favor of the prosecution and must defer to that resolution. *Id.* at 325, 99 S.Ct. 2781. All permissible inferences must be drawn in the prosecution's favor. *See, e.g., United States v. Carson,* 702 F.2d 351, 361 (2d Cir.), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983). Indeed, in *Wright v. West,* 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992), Justice Thomas writing for a majority of the Court, said:

> In *Jackson,* we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that " 'all of the evidence' is to be considered in the light most favorable to the prosecution," (emphasis in original); that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

*Id.* at 296–97, 112 S.Ct. 2482 (citations omitted).

■ A federal court is not permitted "to make its own subjective determination of guilt or innocence." *Quartararo v. Hanslmaier,* 186 F.3d 91, 97 (2d Cir.1999) (quoting *Herrera v. Collins,* 506 U.S. at 402, 113 S.Ct. 853). "[T]he relevant question is whether, after viewing the evidence

in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Herrera v. Collins,* 506 U.S. at 402, 113 S.Ct. 853).

■ Applying these standards here, petitioner is clearly foreclosed from the relief he seeks. As previously discussed, Garvey's claim has been exhausted and was addressed on the merits by a state court. Accordingly, pursuant to the dictates of section 2254(e)(1), the state court's factual findings are presumed correct, and it is Garvey's burden to overcome that presumption by clear and convincing evidence. In addition, under section 2254(d), Garvey is not entitled to relief on this claim unless "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "the state court confront[ed] facts that [we]re materially indistinguishable from a relevant Supreme Court precedent and arrive[d] at a result opposite to" that of the Supreme Court. *Williams v. Taylor,* —— U.S. at ——, 120 S.Ct. at 1519.

■ Garvey has not presented evidence to overcome the presumption of the correctness of the state court's findings that there was sufficient evidence to support the verdict against petitioner. To the contrary, petitioner signed a statement which clearly and unequivocally linked him to the possession and sale of narcotics on both of the days in question in March 1988, and at the locations where the transactions at issue occurred. That petitioner claims to have "repudiated" his statement is insufficient. Indeed, the trial court examined this issue at length and denied petitioner's motion to suppress his confession. I find no basis in the record upon which to question the accuracy of the state courts' conclusions in this regard. In view of Garvey's confession, a jury reasonably could believe he possessed and sold narcotics. I

agree with the New York Appellate Division's determination that the evidence presented at trial was sufficient to support petitioner's conviction.

It should also be noted that there is no evidence in the record that the state courts failed to apply the correct principles of law as determined by the United States Supreme Court. Petitioner has pointed to nothing in the record that approaches a legal conclusion that is "opposite" to or "substantially different" from Supreme Court precedent, nor is there any evidence that the state courts which reviewed petitioner's judgment of conviction "unreasonably applied" such precedent to the facts before those courts. *Williams v. Taylor,* —— U.S. at —— – ——, 120 S.Ct. at 1519–21. In short, this was, as Justice O'Connor put it, a "run-of-the-mill" state court decision from which petitioner is not entitled to relief under section 2254. *Id.* at 1520.

## III. Ineffective Assistance of Counsel

Garvey next asserts that his trial attorney[2] rendered ineffective assistance in a number of respects, thereby violating his rights under the Sixth and Fourteenth Amendments. In particular, petitioner contends that his attorney failed to prepare adequately for trial, failed to make himself available to petitioner and witnesses, failed to challenge the validity of petitioner's arrest, failed to call certain witnesses, and failed to address various matters on direct and cross-examination.

A claim of ineffective assistance must be analyzed according to the standards set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court stated in *Strickland* that the test for an ineffective-assistance claim is whether the defendant received "reasonably competent assistance." *Id.* at 688, 104 S.Ct. 2052. In

**2.** Prior to trial, Garvey's initial attorney was relieved, and, in December 1988, Garvey was assigned new counsel.

deciding this question, the court must apply an objective standard of reasonableness. *Id.*

Generally, defense counsel is "strongly presumed to have rendered adequate assistance ..." *Id.* at 690, 104 S.Ct. 2052. To succeed on such a claim, then, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defense was actually prejudiced by counsel's errors. *Strickland*, 466 U.S. at 692, 104 S.Ct. 2052. Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The court determines the presence or absence of prejudice by considering the totality of the trial evidence. *Id.* at 695, 104 S.Ct. 2052.

 After reviewing the record, I find that petitioner received "reasonably competent assistance," and that, therefore, petitioner's claim lacks merit. As for any uncalled witnesses, none of whom petitioner has identified, such claims are generally looked upon with disfavor. *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). Moreover, in light of the evidence of Garvey's guilt (which included Garvey's own admission that he possessed drugs and participated in drug sales), I do not find any significant likelihood that the result of the trial would have been different if his attorney had called any additional witnesses. *See Munoz v. Keane*, 777 F.Supp. 282, 289 (S.D.N.Y.1991) (habeas relief not warranted since, even if all three uncalled witnesses had testified consistent with their affidavits submitted by petitioner, result of his trial would not likely have been different), *aff'd*, 964 F.2d 1295 (2d

Cir.), *cert. denied*, 506 U.S. 986, 113 S.Ct. 494, 121 L.Ed.2d 432 (1992); *Strouse v. Leonardo*, 715 F.Supp. 1170, 1180–81 (E.D.N.Y.1989) (even assuming truth of petitioner's allegations about content of prospective witnesses' testimony, and assuming that counsel's alleged failure to interview these witnesses was objectively unreasonable, petitioner was not prejudiced in light of overwhelming evidence of guilt adduced at trial), *aff'd in part, vacated on other grounds in part*, 928 F.2d 548 (2d Cir.1991).

 Petitioner's host of complaints pertaining to his dissatisfaction with respect to his attorney's performance during trial do not establish an ineffective assistance to counsel claim. A review of the record reveals that petitioner's counsel was familiar with criminal law and procedure and he developed a plausible defense strategy which he presented to the jury. In addition, Garvey's counsel took the opportunity to cross-examine the prosecution's witnesses and made a variety of objections and applications to the court before and after trial.

 Garvey's vague, conclusory claim that his trial attorney failed to overcome the written statement petitioner gave to police after his arrest does not establish grounds for habeas relief, and requires little comment. It was the *evidence*, not Garvey's lawyer, that did not support Garvey's defense. The trial transcript reflects that defense counsel did the best that he could with the evidence facing him, and that he reasonably and adequately argued to the jury that Garvey could not understand the statement he signed. That the jury was not persuaded by these arguments cannot be blamed on defense counsel, but is simply attributable to the substantial evidence of Garvey's guilt.

Petitioner's contention that his attorney also failed to object to various alleged evidentiary errors at trial also requires little comment. It is noteworthy that petitioner withdrew his claim for relief based upon

these errors. Moreover, neither the alleged errors nor defense counsel's failure to object to them gives rise to a constitutional violation.

### CONCLUSION

For the foregoing reasons, petitioner's application for a writ of habeas corpus is denied in its entirety, and the petition is dismissed. Further, because petitioner has failed to make a substantial showing of a denial of a constitutional right, I deny a certificate of appealability. 28 U.S.C. § 2253.

Also for the reasons set forth above, I hereby certify that any appeal from this order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a) and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

IT IS SO ORDERED.