Peter James SCHWANDER, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary and William J. Custe, Jr., Attorney General of the State of Louisiana, Respondents-Appellees.

No. 84–3444
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1985.

Peter James Schwander, pro se.

Elizabeth M. Gaudin, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, La., for respondents-appellees.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

A state prisoner appeals from the district court's order denying his petition for habeas corpus relief. He argues that an incomplete trial transcript denied him a meaningful state court appeal and that he was denied effective assistance of counsel at trial and on appeal. For the reasons that follow, we affirm the order of the district court denying habeas corpus relief.

I. *Procedural Background*

Petitioner-Appellant, Peter James Schwander (Schwander), is in custody at the Louisiana State Penitentiary at Angola. He and a co-defendant, Deborah Venezia (Venezia), were charged with the June 24, 1974, aggravated robbery of Lloyd Russell. At trial Schwander was represented by Pierre F. Gaudin and Venezia was represented by David Smill. A jury found them both guilty and sentenced Schwander to thirty years imprisonment. On direct appeal, allowed out-of-time, the Louisiana Supreme Court affirmed Schwander's conviction but reversed Venezia's conviction. *State v. Schwander,* 345 So.2d 1173 (La. 1977).

Schwander has filed four habeas petitions in the state courts. In each petition, relief was denied. In his second state petition, Schwander was represented by appointed counsel, Alan J. Boudreaux, who also represented him in his later out-of-time direct appeal. Also in the second petition,

Schwander received a full evidentiary hearing at which testimony was presented on the issue of ineffective assistance of counsel at trial. The state court judge denied relief in open court with reasons. In 1979, the Louisiana Supreme Court denied the writs, without reasons. *State ex rel. Schwander v. Blackburn,* 366 So.2d 916 (La.1979).

Schwander filed the present pro se petition in federal district court seeking federal habeas relief under 28 U.S.C. § 2254. He alleged four grounds for relief: (1) an incomplete trial transcript denied him a meaningful state court appeal; (2) the suggestiveness of his pre-trial photo identification; (3) prejudice from a state witness's reference to a prior offense; and (4) ineffective assistance of counsel at trial and on appeal. The state expressly waived the requirement of exhaustion of state court remedies. *See McGee v. Estelle,* 722 F.2d 1206, 1212 (5th Cir.1984) (en banc). The district court honored the state's waiver, considered the merits of Schwander's petition and denied relief without holding an evidentiary hearing. Schwander's notice of appeal is timely. Because Schwander has not pressed his second and third grounds on appeal, this Court deems them abandoned. *Baker v. Estelle,* 711 F.2d 44, 45 (5th Cir.1983) (per curiam), *cert. denied,* —— U.S. ——, 104 S.Ct. 724, 79 L.Ed.2d 185 (1984). Further, since Schwander included in his brief a motion for appointment of counsel, both his motion and his appeal of the denial of habeas relief are before this Court.

## II. *Grounds for Relief*

### 1. Meaningful Appeal

Schwander's first contention on appeal is that omissions from the trial transcript deprived him of the right to a meaningful appeal. Schwander argues specifically that the omission from the trial transcript of the jury voir dire, opening and closing statements of counsel, jury instructions and additional jury questions meant that a "substantial portion of the trial record" was unavailable for review by Schwander's attorney on appeal.[1] *State v. Ford,* 338 So.2d 107, 110 (La.1976). Therefore, Schwander argues that under *Ford* and under *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964), his right of appellate review was "rendered meaningless." *Ford,* 338 So.2d at 110. The state, however, argues that Schwander has no right to a verbatim transcript, but is entitled only to a record of "sufficient completeness" to allow him to present his claims on appeal. Since the only error assigned on appeal with respect to Schwander was the denial of his motion for a mistrial based on improper witness testimony, we find the record was sufficient for the purposes of his appeal. *See Mack v. Walker,* 372 F.2d 170, 172 (5th Cir.1966), *cert. denied,* 393 U.S. 1030, 89 S.Ct. 641, 21 L.Ed.2d 573 (1969).

In *State v. Francis,* 345 So.2d 1120, 1124–25 (La.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 267, 54 L.Ed.2d 177 (1977), the Louisiana Supreme Court specifically rejected an argument similar to the one Schwander advances here—that omission from the appellate record of the voir dire, the district attorney's opening statement, the closing arguments and the jury charge warranted reversal. In *Francis,* there was a certificate by the court reporter in the record which stated that "no objections were noted by counsel for the defense" during any of these portions of the trial. *Id.* at 1124. The court held that, since its review is restricted to questions of law based on defense objections and assignments of error, the record before it was "adequate for full appellate review." *Id.* at 1125 (citing La. Const. Art. 5, § 5(C) (1974) and La.Code Crim.Proc.Ann. art. 841 (West 1974)). The court then concluded that "the holding in *State v. Ford* ... is inapplicable here." *Francis, supra,* at 1125. Similarly, we find *State v. Ford* inapplicable to the facts of this case. The trial transcript before the Louisiana appellate court was certainly adequate for review of the sole error assigned on appeal.

---

**1.** Schwander's attorney on appeal was not the attorney representing him at trial.

Schwander's reliance on *Ford*'s progeny is misplaced. In the Louisiana cases following *Ford*, retrial has been limited to cases in which witness testimony that is material to the errors alleged on appeal has not been recorded or transcribed. *See State v. Robinson*, 387 So.2d 1143, 1144–45 (La.1980) (testimony of two expert witnesses); *State v. Thetford*, 445 So.2d 128, 129 (La.App. 3d Cir.1984) (testimony of two alibi witnesses and cross-examination of state witnesses); *see State v. Vaughn*, 378 So.2d 905, 910–11 (La.1979) (missing witness testimony immaterial to adequate review is not grounds for reversal). Schwander makes no allegation that any witness testimony was omitted from the transcript. Accordingly, the cases he relies upon that follow *Ford* are inapplicable.

Nor does Schwander contend that the omitted portions of the transcript contain any additional error. The minutes of the deputy clerk covering the voir dire examination, opening and closing statements, and the jury charge do not indicate that attorney Gaudin made any objections during these portions of the trial. In addition, Gaudin testified that Schwander made no comments "out of the ordinary" to him during the voir dire of the jurors. While the record before us is not quite so clear as the records in *State v. Goodbier*, 367 So.2d 356, 357 (La.1979) (affidavits by court reporter and trial counsel stated no objections made by defense during voir dire) and *State v. Francis*, 345 So.2d at 1145 (court reporter's certificate noted no objections were made by counsel at the parts of trial omitted from the transcript), we note that Schwander is unable "to indicate one specific error committed during the portions of trial not included in the record." *Cf. United States v. Renton*, 700 F.2d 154, 159 (5th Cir.1983) (a direct criminal appeal). As a result, we agree with the district court that the omitted phases of the trial transcript are immaterial to the error alleged by Schwander on direct appeal. The record was adequate for full appellate review; consequently, Schwander was not denied a meaningful appeal.

### 2. Ineffective Counsel

#### a. At Trial

■ Schwander urges that he had ineffective assistance of trial counsel, based on five alleged deficiencies in Gaudin's performance.[2] The state court held a hearing on the merits of the ineffectiveness claim at which Schwander, Gaudin, Smill, and the district attorney testified. The state court denied relief in open court with reasons. Where a state court has held a hearing on the merits of the claim presented, the rule is that the findings of fact by the state court are entitled to a presumption of correctness, unless a petitioner establishes one of the eight exceptions to the rule. 28 U.S.C. § 2254(d); *Byrd v. McKaskle*, 733 F.2d 1133, 1138 (5th Cir.1984). Though the ultimate conclusion that counsel was effective is not a finding of fact subject to the § 2254(d) presumption, the underlying findings of fact made in the course of deciding the ineffectiveness claim are subject to the presumption of correctness. *Strickland,* — U.S. at ——, 104 S.Ct. at 2070. Thus, since the state court made findings adverse to Schwander with respect to the first four grounds alleged in his ineffectiveness claim, those subsidiary findings are entitled to the § 2254(d) presumption of correctness. *Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). Schwander bears the burden of proving by convincing evidence that the factual determinations by the state court were erroneous. 28 U.S.C. § 2254(d).

---

2. Schwander alleges that his trial attorney failed to:

  i. confer with him until the day of trial;

  ii. conduct pre-trial investigation or file pre-trial motions;

  iii. interview or call as a witness Schwander's sister who allegedly would have partially corroborated his alibi defense;

  iv. submit a written motion for a continuance; and

  v. move for a severance from the trial of his co-defendant so that she could testify on his behalf.

In describing the analysis of the prejudice component of an ineffectiveness claim, the Supreme Court in *Strickland* stated that "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland,* — U.S. at —, 104 S.Ct. at 2069. In addition, in assessing the impact of the alleged errors on the verdict at trial, a court must consider the totality of the evidence presented at trial, since "a verdict ... only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*

The battle lines in Schwander's trial were fairly clearly drawn. The state put on the stand the victim of the aggravated robbery. He testified about the robbery and beating that he received at Schwander's hand. He positively identified both Venezia, whom he had known prior to the robbery, and Schwander, whom he had not seen before, as the perpetrators. In addition, he had given the police a description of them and selected both defendants' pictures from a photographic array. Other than the victim, the only witnesses the state put on were members of the police department who testified to the circumstances of the investigation and photo array, and the chain of custody of the photographs.

The defense called a single alibi witness, Thomas Phillips. He testified that Venezia and Schwander had been with him in Florida on a business trip from June 20–27, 1974.[3] Phillips stated that he made a series of seven trips in seven months to Florida and each time delivered a briefcase full of papers for a man that he had met at the Marriott Hotel. Venezia and Schwander were neighbors of his and accompanied him on the June trip. On cross-examination, Phillips stated that he did not "know what papers" were in the briefcase and that he was paid for each delivery. He also acknowledged that he was in jail at the time of trial on an unrelated extortion charge. Thus, the state's case hinged on the identi-

fication testimony of the victim. The defendants both used the same alibi defense. Therefore, it is against this backdrop of evidence presented at trial that the prejudice component of the *Strickland* test will be applied to the deficiencies, *supra,* note 4, which Schwander alleged occurred below. *Strickland,* — U.S. at —, 104 S.Ct. at 2069.

i. Failure to confer until trial date

■ The state court found that Gaudin did not consult with Schwander until the date of trial. The court noted, however, that Gaudin conferred with co-defendant's counsel prior to trial and participated in a pretrial conference. In addition, the record indicates that Gaudin discussed with Schwander a plea bargain offering a four and one-half year sentence for a guilty plea; Schwander turned down the plea bargain offer against Gaudin's advice. Schwander also asked Gaudin to check out the possible defense that Schwander was in jail the date of the crime. Furthermore, no evidence was presented that Schwander had any additional defenses for trial. Against this background, the state court concluded that, although the lack of opportunity to confer with a client prior to trial in some cases adversely affects the defendant, Gaudin gave "as effective a representation as any other attorney could or would."

The district court was correct in holding, as was the state court, that Gaudin's failure to confer with Schwander until the date of trial did not constitute ineffective assistance. Although Gaudin's attempt to see Schwander prior to trial was unsuccessful, Gaudin had approximately one and one-half days during the jury selection in which to confer about the case with his client. Even if we assume that the initial consultation lasted only fifteen minutes, as Schwander alleges, this Court has held that "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir.

---

**3.** The robbery took place on June 24, 1974.

1984) (citing *Jones v. Wainwright,* 604 F.2d 414, 416 (5th Cir.1979)). In the guilty plea context, we observed that "[e]ffective assistance may be rendered in the twenty or thirty minutes the appointed lawyer said he spent with [the defendant], or counsel may remain ineffective despite a month of futile exertions." *Diaz v. Martin,* 718 F.2d 1372, 1378 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984). Furthermore, Schwander has "not shown what additional evidence could have been produced had additional conversations taken place." *Murray v. Maggio,* 736 F.2d at 283. As the district court properly observed, additional consultation time would have been no help since Gaudin interviewed the sole alibi witness before putting him on the stand.

ii. Failure to conduct pre-trial investigation or file pre-trial motions

The state court observed that Smill, the attorney for Schwander's co-defendant, considered filing pre-trial motions but decided it was unnecessary. This conclusion is fairly supported by the record. In addition, both Smill and the prosecutor testified that the district attorney opened his files to both Smill and Gaudin. Smill testified that the need for pre-trial motions was thereby rendered moot. Gaudin had been told who the only material witness for the defense was, procured his appearance, and interviewed that witness prior to trial. No evidence suggests that Schwander had any additional defenses. Finally, the filing of pre-trial motions "falls squarely within the ambit of trial strategy", *Murray v. Maggio,* 736 F.2d at 283 (citing *Williams v. Beto,* 354 F.2d 698, 703 (5th Cir.1965)), and Schwander has failed to overcome the presumption that the decision was strategic. *Strickland,* —— U.S. at ——, 104 S.Ct. at 2065–66.

iii. Failure to interview or call a potential alibi witness

Schwander argues that Gaudin should have interviewed or called his sister as a witness. He stated that his sister would have testified that she helped him load his luggage for the Florida trip. His attorney testified that Schwander, when asked about other potential witnesses or evidence, only mentioned his mother and sister as possible witnesses. Nowhere in the record of the hearing does it appear that Schwander mentioned to his attorney at trial that his sister could corroborate in part his Florida alibi. The state court concluded that Schwander's statement that his sister "would give evidence that would change the results of the case" was unreliable and the district court refused to "substitute its own judgment" for the state court's judgment about a witness's credibility. *Dunn v. Maggio,* 712 F.2d 998, 1001 (5th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1297, 79 L.Ed.2d 697 (1984).

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir.1978); *Murray v. Maggio,* 736 F.2d at 282 (not favored in federal habeas review) (citing *Boyd v. Estelle,* 661 F.2d 388, 390 (5th Cir.1981)). Where "the only evidence of a missing witness's testimony is from the defendant," this Court views claims of ineffective assistance with great caution. *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 3534, 82 L.Ed.2d 839 (1984).

Defense counsel is not required "to investigate everyone whose name happens to be mentioned by the defendant." *Id.* at 1428 (citation omitted). Even if the failure to interview or call Schwander's sister as a witness constituted an "unreasonable lapse on the part of counsel," Schwander would be hard pressed to show prejudice under these facts. *See Gomez v. McKaskle,* 734 F.2d 1107, 1110 (5th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 524, 83 L.Ed.2d 412 (1984). The alibi defense was corroborated to some degree by testimony from an eyewitness who saw Schwander packing his car before his trip. Considering all the evidence presented at

his trial, however, Schwander has not shown "that there is a reasonable probability that," had his sister testified, "the fact-finder would have had a reasonable doubt respecting guilt." *Strickland,* —— U.S. at ——, 104 S.Ct. at 2069; *see Larsen v. Maggio,* 736 F.2d 215, 217 (5th Cir.1984).

### iv. Failure to submit a written motion for a continuance

■ The state court concluded that attorney Gaudin made an oral request for a continuance that was denied. The record indicates that Gaudin made two such requests. This Court has recently rejected an ineffectiveness claim based, *inter alia,* on counsel's failure to file a *written* motion for continuance where an oral one was made. *Stokes v. Procunier,* 744 F.2d 475 at 482 n. 3D (5th Cir.1984). Also, Schwander "fails to explain how a written motion would have been any more beneficial." *Id.* Finally, there is no indication that the basis for the state court's denial of the motion for continuance was the fact that the motion was not in writing.

### v. Failure to move for a severance

■ The district court concluded that counsel was not ineffective by virtue of Gaudin's failure to move for a severance. It found that Schwander had failed to carry his burden of proving that Venezia's testimony would be exculpatory in effect or to show clearly what she could testify to. *See Byrd v. Wainwright,* 428 F.2d 1017 (5th Cir.1970). This conclusion is supported by the record.

■ There is no duty to move for a severance "merely because potentially exculpatory testimony of a codefendant exists." *Byrd,* 428 F.2d at 1020. This is not a case like *Trass v. Maggio,* 731 F.2d 288 (5th Cir.1984), where the codefendant took the stand and unexpectedly placed the entire blame on the defendant. Venezia never took the stand, and presumably her tes-

timony would simply corroborate the alibi defense. Thus, in light of the fact that Venezia's testimony would have been cumulative, Schwander is unable to show that he has "bona fide need for the testimony." *See United States v. Khan,* 728 F.2d 676, 679 (5th Cir.1984) (direct appeal). Gaudin's failure to move for a severance did not render his representation of Schwander ineffective.

### b. On Appeal

■ Schwander argues that his counsel on appeal was ineffective for not obtaining or reviewing the omitted portions of the trial record. He cites *Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982), for the proposition that a per se rule of prejudice should be applied where an attorney fails to file or perfect a direct appeal. From this proposition, he argues that the district court's conclusion that Schwander must show actual prejudice is clearly erroneous. The district court concluded that the per se standard of prejudice should not apply because the omissions complained of were known to counsel and petitioner before the appeal was pursued and because no attempts to correct the error were made. The district court then held that petitioner failed to show actual prejudice since he could demonstrate no error in the phases of the trial that were not transcribed.

Each of the cases cited by petitioner applying prejudice per se involved an attorney's failure to file or perfect a direct criminal appeal or an attorney's failure to make the defendant aware of his right to a direct appeal. *See, e.g., Perez v. Wainwright,* 640 F.2d at 598–99; *Sapp v. Wainwright,* 433 F.2d 317, 318 (5th Cir.1970). These cases, however, are not applicable where the attorney, as here, has perfected an appeal which has been heard on the merits.[4] In *Washington v. Watkins,* 655 F.2d 1346 (5th Cir.1981), *cert. denied,* 456

---

4. Besides, the remedy for these errors by counsel is the granting of an out-of-time appeal, which remedy Schwander had already received. *See Martin v. Texas,* 737 F.2d 460, 462 (5th Cir.1984) (counsel's failure to inform defendant of his right to appeal constituted prejudice per se).

U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982), we stated, "... no prejudice need be shown in those few instances in which an ineffective assistance claim is premised not on specific acts or omissions of counsel, but instead on the fact that 'no counsel [was] provided, or counsel [was] prevented from discharging his normal functions.'" *Id.* at 1363 n. 32 (citing *Perez v. Wainwright,* 640 F.2d 596, 598–99 (5th Cir.1981)). This action does not represent the type of instance where prejudice per se is properly invoked. Thus, the district court was correct in concluding that Schwander must show actual prejudice to obtain relief based upon ineffective assistance of appellate counsel. *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The district court's conclusion that no actual prejudice has been shown is also correct. The *Strickland* test for ineffective assistance has two components:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.,* — U.S. at —, 104 S.Ct. at 2064.[5] *Strickland* authorizes courts to jump directly to the question of prejudice, since if the defendant fails to demonstrate prejudice, the alleged deficiencies in counsel's performance need not even be considered. *Id.,* — U.S. at —, 104 S.Ct. at 2069–70; *Larsen v. Maggio,* 736 F.2d 215, 217–18

(5th Cir.1984). Schwander has failed to demonstrate prejudice. His argument that state law entitles him to reversal on direct appeal because of the incomplete transcript on appeal is without merit. Even if the transcript had been furnished in its entirety, the record does not reflect that any objections were made during the voir dire, the opening and closing statements, or the jury instructions. Since these objections were necessary to preserve error for review on direct appeal, *see* La.Code Crim. Proc.Ann. art. 841, no error existed and thus no prejudice resulted from the incomplete transcript. Moreover, even if we were to assume some error, the failure of counsel to press his argument on appeal "does not warrant setting aside the judgment of a criminal proceeding [since] the error had no effect on the judgment." — U.S. at —, 104 S.Ct. at 2067. Schwander was not denied effective assistance of appellate counsel.

### III. *Appointment of Counsel*

■ Schwander included in his brief a motion for appointment of counsel. The rule of the Fifth Circuit Plan Under the Criminal Justice Act, § 2 permits this Court to appoint counsel to persons seeking relief under § 2254 where "the interests of justice so require and such person is financially unable to obtain representation." *See also* 18 U.S.C. § 3006A(g). Schwander is unable to afford representation; he is proceeding *in forma pauperis.* Accordingly, the sole remaining issue is whether the "interests of justice" require appointment of counsel to submit a supplemental brief and to argue the appeal. They do not.

While the issues are numerous and factually dense, they are not particularly complex. Schwander's pro se brief adequately highlights the issues and the pertinent facts in the record. His performance on the brief in this appeal was no doubt enhanced by the assistance of counsel at the

---

5. On October 10, 1984, the Supreme Court heard arguments in the case of *Lucey v. Kavanaugh,* 724 F.2d 560 (6th Cir.), *cert. granted,* — U.S. —, 104 S.Ct. 2149, 80 L.Ed.2d 535 (1984).

One issue was whether the Constitution creates a right to effective assistance of appellate counsel. 53 U.S.L.W. 3309.

state court habeas level. Under these circumstances, appointment of counsel would be a waste of judicial resources.

For the reasons set forth above, the order of the district court denying Schwander's petition for habeas relief is AFFIRMED.

Gee, Circuit Judge, concurred specially and filed opinion.