IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30799
Summary Calendar
_____


GREGORY WAYNE COTTON,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-820-H
- - - - - - - - - -

May 28, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Gregory Cotton (Louisiana prisoner #119098) appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition with prejudice.  Cotton has also filed a motion for the appointment of counsel.  Because the "interests of justice" do not require the appointment of counsel in the instant case, Cotton's motion is DENIED.  See Schwander v. Blackburn, 750 F.2d 494, 502-03 (5th Cir. 1985).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cotton pleaded guilty to second-degree murder, reserving the right to appeal three incriminating statements which the state trial court refused to suppress. He now challenges the constitutional validity of those statements, contending that they were obtained in violation of his Fifth, Sixth, and Fourteenth Amendment rights. The district court granted a certificate of appealability (COA) on the following issue: "Whether the failure to suppress Cotton's confessions deprived him of his rights under the Fourth, Fifth, and Fourteenth Amendments." Cotton has waived any Fourth Amendment claim by failing to brief it on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, Cotton's Sixth Amendment claim is not before us on appeal because the district court did not grant a COA on that claim and because Cotton has not expressly requested that his COA be broadened to encompass that claim. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997); United States v. Kimler, 150 F.3d 429, 431 & n.1 (5th Cir. 1998). Thus, the only issue properly before us on appeal is whether the three incriminating statements were obtained in violation of Cotton's Fifth and Fourteenth Amendment rights.

Cotton's chief complaint regarding his first statement is that the police continued to question him after he purportedly invoked his right to have counsel present during the custodial interrogation. On direct appeal, the state appellate court concluded that Cotton had not unequivocally invoked his right to counsel. The court further concluded that Cotton's interrogator, Sergeant Mike Edwards, was entitled to ask follow-up questions to

clarify whether Cotton wanted an attorney present and that Cotton's subsequent responses indicated that he did not want to invoke his right to counsel at that time. The state appellate court's resolution of the issue was not contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1); Barnes v. Johnson, 160 F.3d 218, 224-25 (5th Cir. 1998), cert. denied, 1999 U.S. Lexis 3318 (U.S. May 17, 1999)(No. 98-8088).

Cotton also argues that he did not voluntarily waive his right to counsel during his first statement because (1) he signed the advice-of-rights form at 2:05 a.m., (2) the taped interview did not commence until 2:31 a.m., (3) he informed Edwards that he could not read, and (4) a psychiatrist who had examined him for his competency evaluation had opined that he had limited intellectual abilities and probable mild mental retardation. He further maintains that his first statement was involuntary as a result of those same factors.

Both the state trial court and the state appellate court determined that Cotton had knowingly waived the rights of which he was advised. Cotton has not presented clear and convincing evidence to rebut the state-court findings, which are presumed to be correct. See 28 U.S.C. § 2254(e)(1); Kelly v. Lynaugh, 862 F.2d 1126, 1131 (5th Cir. 1988). Cotton's contention that his statement was involuntary as a result of those same factors is likewise without merit. He "has presented no evidence of coercive tactics by the police or evidence that his confession was not made intelligently because of his limited intellectual

capacities." See Jones v. Johnson, 171 F.3d 270, 278 & n.31 (5th Cir. 1999).

Cotton contends that his second and third statements were obtained in violation of his Fifth Amendment rights because the police initiated further questioning after he had invoked his right to counsel during the first statement. He further contends that his second and third statements should have been suppressed as fruit of the poisonous tree. Cotton's contentions are without merit. As previously discussed, Cotton did not invoke his right to counsel during the first statement. Thus, the police were not prohibited from initiating further questioning. Cf. Minnick v. Mississippi, 498 U.S. 146, 153 (1990)("[W]hen counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney."). Moreover, because Cotton has not shown that his first statement was constitutionally invalid, he has not shown that his second and third statements should have been suppressed as fruit of the poisonous tree. See Colorado v. Spring, 479 U.S. 564, 571-72 (1987)("A confession cannot be 'fruit of the poisonous tree' if the tree itself is not poisonous.").

Finally, Cotton argues that his second and third statements were involuntary because he made those statements based upon unfulfilled promises by the police that they would help him on any forthcoming charges. The state trial court found that no promises had been made by the police to obtain Cotton's statements. The state appellate court agreed that the police had

made no promises to induce Cotton's statements, noting that Sergeant Edwards agreed only to "make unspecified recommendations to the district attorney based on what [Cotton] told him." The state-court findings were not unreasonable in light of the evidence presented and are therefore entitled to a presumption of correctness. See 28 U.S.C. § 2254(d)(2), (e)(1). Cotton has not presented clear and convincing evidence to rebut that presumption. See 28 U.S.C. § 2254(e)(1).

Cotton's three incriminating statements were not obtained in violation of his Fifth or Fourteenth Amendment rights. Accordingly, the district court's judgment is AFFIRMED.

MOTION DENIED; AFFIRMED.