IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10653
Summary Calendar
_____

HAROLD MARTIN,

                                        Petitioner-Appellant,

versus

L. E. FLEMING, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-3-G
--------------------
September 24, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Harold Martin ("Martin"), federal prisoner # 24920-077,
appeals the district court's dismissal of his petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2241, stemming from his
1994 fraud convictions and sentence.  The district court
determined that the claims were not cognizable under 28 U.S.C.
§ 2241 and dismissed the petition.  Martin moves for the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appointment of counsel on appeal; that motion is DENIED.  See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985).

Martin argues that his sentence should be vacated with respect to restitution and supervised release, that the trial court made evidentiary errors, and that there were errors in the disposition of his 28 U.S.C. § 2255 motion, but these claims are not cognizable under 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  He argues that the district court should have appointed him counsel, but such was not required in this case.  See Schwander, 750 F.2d at 502.  He argues that his petition was sent to the wrong division of the district court and that the magistrate judge misconstrued the relief sought, but the record refutes these arguments.  He argues that he should have been granted an extension of time to file objections to the magistrate judge's report and recommendation, but the objections he sought to raise pertained to non-cognizable claims.  He has abandoned his argument that the magistrate judge lacked jurisdiction to consider his 28 U.S.C. § 2241 petition by failing to raise it on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.