United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41236
Summary Calendar
_____

LEON LEE SAMMONS,

                                      Petitioner-Appellant,

versus

DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                      Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6-02-CV-33
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Leon Lee Sammons, Texas prisoner # 896479, was convicted of

aggravated robbery by a jury and sentenced to 60 years in prison.

Sammons appeals the district court's denial of his 28 U.S.C.

§ 2254 application.  Sammons argues that the prosecutor commented

on his decision not to testify.  Assuming that the argument was

a comment on Sammons's failure to testify, the comment must be

viewed in the context of the trial and reversal is not warranted

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unless the improper comment had a "clear effect on the jury." United States v. Montoya-Ortiz, 7 F.3d 1171, 1179 (5th Cir. 1993). Curative instructions are considered in analyzing whether an improper remark constitutes reversible error. See United States v. Anchondo-Sandoval, 910 F.2d 1234, 1237 (5th Cir. 1990). The trial court sustained the objection to the argument and instructed the jury to disregard it. Juries are presumed to follow the instructions of the court. See Zafiro v. United States, 506 U.S. 534, 540-41 (1993). Additionally, the evidence of Sammons's guilt is overwhelming. Sammons has not shown that the district court erred in concluding that the state court's denial of relief on this issue was contrary to clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 409 (2000); Beazley v. Johnson, 242 F.3d 248, 255 (5th Cir. 2001).

Sammons moves for the appointment of appellate counsel. Sammons represented himself adequately in having this court grant his motion for a certificate of appealability (COA). His brief on the issue of the prosecutor's comment regarding his failure to testify is more than adequate in presenting the claim. See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985). Sammons's motion for the appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.