# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2010

No. 09-20794
Summary Calendar

Lyle W. Cayce
Clerk

RONALD CHRISTOPHER BINGHAM,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:93-CV-2544

Before JOLLY, GARZA, and STEWART, Circuit Judges

PER CURIAM:[*]

Ronald Christopher Bingham, Texas prisoner # 511223, was convicted of
murder in 1989. His sentence, enhanced by a prior felony conviction, was
assessed at 45 years in prison. In 1993, he unsuccessfully sought relief under
28 U.S.C. § 2254, and in 1995, this court denied him a certificate of probable
cause (CPC). In 2007, more than a decade later, Bingham sought a certificate
of appealability (COA). The district court denied the COA, and we dismissed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20794

appeal for lack of jurisdiction. In 2008, Bingham filed another request for a COA in the district court, with the same result. He then filed a motion for relief pursuant to FED. R. CIV. P. 60(b) and (d), Article III of the Constitution, and 28 U.S.C. § 2243 seeking relief from the prior judgments. The district court denied this relief, and Bingham appealed. Although Bingham argues he is not required to obtain a COA, he moves, in the alternative, for a COA in the event that one is necessary.

We have twice rejected Bingham's attempts to obtain a COA because we lack jurisdiction to entertain an appeal of the denial of his § 2254 petition. We find no merit in Bingham's claims that he may obtain a COA long after the time for an appeal of the underlying judgment has passed. Nor do we agree with his objection to our requirement that he must file a motion for a COA. Accordingly, the district court did not abuse its discretion by denying his motion for relief. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). We also reject Bingham's arguments that he is entitled to equitable relief. His request for a COA is denied because he has failed to show that reasonable jurists would debate the district court's earlier decisions. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The judgment of the district court is affirmed.

Bingham requests the appointment of counsel, but he has failed to show that the interest of justice warrant the appointment of counsel. *Schwander v. Blackburn*, 750 F.2d 494, 501 (5th Cir. 1985). Therefore, we deny this motion.

Our denial of Bingham's motion for a COA terminates the need for additional briefing. Thus, Bingham's motion for leave to file supplemental briefing is denied.

Finally, we caution Bingham that future repetitive and frivolous filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

No. 09-20794

COA DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED; JUDGMENT AFFIRMED; SANCTION WARNING ISSUED.