# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2012

Lyle W. Cayce
Clerk

No. 10-60955
Summary Calendar

DERRICK LEE STOKES,

Plaintiff-Appellant

v.

TOMMY STRAIT; IKE WILLIAMS; WARDEN BRIAN WATSON; MADISON
COUNTY, MISSISSIPPI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-39

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Derrick Lee Stokes, Mississippi prisoner # 139476, filed a 42 U.S.C. § 1983 complaint wherein he alleged that the defendants used excessive force. The parties consented to proceed before the magistrate judge (MJ), and a judgment was rendered in favor of the defendants following a bench trial.

Stokes argues that the MJ erred in denying his motion for appointment of counsel. A district court is not required to appoint counsel for an indigent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60955

plaintiff asserting a claim under § 1983 absent exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). This court will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Stokes has competently filed numerous motions; he demonstrated an ability to investigate his case by filing discovery requests; he was able to present his version of the case through testimonial evidence; and the legal contours of his claim are not particularly complex. We discern no clear abuse of discretion. *See id.*

In his reply brief, Stokes also argues that Elisa Moore was an incompetent witness; that the defense witnesses falsified their testimony at trial; and that the MJ abused his discretion by denying his motion requesting a videotape. This court generally will not consider an issue raised for the first time in a reply brief. *See United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). Nonetheless, this court has discretion to consider an issue raised for the first time in a reply brief if it is in response to an issue raised in an appellee's brief. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

Because Stokes's arguments regarding Elisa Moore and the denial of his motion were raised for the first time in his reply brief, we will not consider these claims. *See Prince*, 868 F.3d at 1386. To the extent that Stokes's argument regarding the defense witnesses' false testimony can be construed as a response to the Government's brief, we will consider the issue. This court will not "second guess the district court's decision to believe one witness' testimony over another's or to discount a witness' testimony." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000). Although Stokes contends that the defense witnesses testified falsely, he has failed to demonstrate that their testimony was incredible as a matter of law. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1052 (5th Cir. 1998).

The judgment of the district court is therefore AFFIRMED. Stokes's motion for appointment of counsel is DENIED. *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985).