# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2013

Lyle W. Cayce
Clerk

No. 12-40966
Summary Calendar

FRANK FIGUEROA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-374

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frank Figueroa, Texas prisoner # 1485880, pled guilty to seven counts of aggravated sexual assault of a child and three counts of indecency with a child for which he was sentenced to 20 years of imprisonment on each count to run concurrently. He previously sought and was denied relief under 28 U.S.C. § 2254. Following the denial of his motion for a certificate of appealability ("COA") by this court, he filed a postjudgment motion that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied. The district court also dismissed without prejudice any successive Section 2254 claims because Figueroa had not obtained authorization from this court to raise them. Figueroa has filed in this court a motion for appointment of counsel and a document styled as a motion for a COA and a brief in support. His motion for a COA refers to the district court's denial of his postjudgment motion. Affording Figueroa's COA brief the requisite liberal construction, it appears that he is requesting authorization to file a successive Section 2254 application.

Figueroa refers to the denial of his postjudgment motion in his motion for a COA but does not address the substance of that ruling in either his motion or brief. Accordingly, Figueroa has abandoned any challenge to the denial of his postjudgment motion, and his motion for a COA is denied. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Figueroa has failed to make the requisite *prima facie* showing for authorization to file a successive Section 2254 application. *See* 28 U.S.C. § 2244(b)(3)(C). Figueroa faults counsel for failing to obtain expert analysis of the victims' physical injuries in light of his penile impairment. Because he was aware of his penile impairment prior to abusing the victims, he has not established that he could not have discovered the factual predicate of his claim of ineffective assistance of counsel previously through the exercise of due diligence. *See* § 2244(b)(2)(B)(i).

Figueroa also faults counsel for failing to discover the results of one victim's medical examination and the fact that the victims claimed to be living at the wrong address when he abused them. He does not explain how the results of the medical examination would have undermined that victim's credibility. Assuming *arguendo* evidence that the victims gave the wrong address would have undermined their credibility, Figueroa has not demonstrated that no reasonable factfinder would have found him guilty but for counsel's alleged

ineffectiveness. *See* § 2244(b)(2)(B)(ii). Accordingly, Figueroa's alternative motion for authorization to file a successive Section 2254 application is denied.

Figueroa's motion for appointment of counsel is denied as the interests of justice would not be served by an appointment. *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985).

MOTION FOR A COA DENIED; MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE § 2254 APPLICATION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.