# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40390
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIZANDRO MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CV-492
USDC No. 7:04-CR-990-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lizandro Martinez, federal prisoner # 46276-179, appeals the denial of his 28 U.S.C. § 2255 motion, which he filed to attack his sentence pursuant to his convictions of conspiring to import more than 1,000 kilograms of marijuana and conspiring to launder monetary instruments. The district court, adopting a report issued by the magistrate judge (MJ) following an evidentiary hearing,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that the § 2255 motion was time barred and that Martinez was not entitled to equitable tolling.

On account of Martinez's failure to object to the MJ's report, our review is for plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996) (en banc). In order to demonstrate plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The facts are well known to the parties and therefore we summarize them briefly. Martinez's direct appeal was dismissed for want of prosecution on August 16, 2007, after his retained counsel, Larry Warner, failed to timely make arrangements for the payment of transcripts. Martinez, who was incarcerated, relied on his sister to communicate with Warner about the appeal. Warner did not reveal that the appeal had been dismissed, but rather indicated that the appeal was still pending. Sometime in March or April of 2009, after losing contact with Warner, and under prodding from Martinez to check on the status of the appeal, Martinez's sister contacted the courts and learned that the appeal had been dismissed; she communicated that fact to Martinez. On or about April 30, 2009, Martinez filed a pro se motion to reinstate the appeal, which was denied. He then filed a grievance against Warner, which resulted in Warner being reprimanded by the bar association. On March 1, 2010, Warner filed a § 2255 motion on Martinez's behalf. Martinez later filed a supplement to the § 2255 motion in which he claimed that he was denied the right to a direct appeal and that Warner had been ineffective.

No. 13-40390

The MJ determined that the § 2255 motion was untimely because Martinez could have discovered, through the exercise of due diligence, the facts supporting his claims prior to March 2009 regardless of any misrepresentation or deceit by Warner.  In this regard, the MJ determined that Martinez had developed concerns about Warner and the appeal before March 2009, yet made no attempt to contact the courts.  The MJ also determined that Martinez was not entitled to equitable tolling as he had not been reasonably diligent either before or after he learned that his direct appeal had been dismissed.

In his brief, Martinez emphasizes Warner's misrepresentations and Martinez's own lack of knowledge regarding the status of his appeal.  He also discusses the actions he took after learning of the dismissal of the appeal.

A one-year period of limitation applies to § 2255 motions.  § 2255(f).  The limitations period begins to run on the latest of several dates, including the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  § 2255(f)(4).  The one-year limitations period is not jurisdictional and may be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 645-48 (2010).  A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (internal quotation marks and citation omitted).

Martinez fails to show that the district court clearly or obviously erred in determining that, had he been duly diligent, he could have discovered the facts supporting his claims more than one year prior to the filing of his § 2255 petition; he thus fails to show plain error in the conclusion that his § 2255 motion was untimely.  *See Puckett*, 556 U.S. at 135.  As to equitable tolling, Warner likewise fails to show clear or obvious error in the district court's determination that he failed to exercise the required reasonable diligence.  *See*

3

No. 13-40390

*id.*; *Holland*, 560 U.S. at 563.  In view of the foregoing, the judgment of the district court is affirmed.

Because Martinez is not entitled to counsel, and there is no indication that the interests of justice require counsel's appointment, Martinez's motion for the appointment of counsel is denied.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

AFFIRMED; MOTION DENIED.