# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2020

Lyle W. Cayce
Clerk

No. 19-50404

MARCUS TYLER SHEFFIELD,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-385

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Marcus Tyler Sheffield, Texas prisoner # 2034529, was convicted in 2015 by a jury of two counts of sexual assault of a child and was sentenced to 10 years of imprisonment on both counts to run concurrently. He now moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application.

Sheffield argues that his statement to police during an interview was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966). He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50404

argues that his trial counsel was ineffective for failing to investigate and to call Dr. William Rogers as a witness about his treatment of Sheffield for a disorder that affected Sheffield's mental and physical development.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects constitutional claims on their merits, a COA should issue only if the petitioner "demonstrate[es] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Sheffield has not made the requisite showing. Accordingly, his request for a COA is DENIED. His motion to proceed in forma pauperis on appeal is also DENIED.

To the extent Sheffield argues that the district court erred in denying him appointed counsel, an order denying a motion for appointment of counsel in a habeas proceeding is not a "final order" that disposes of the merits of a habeas corpus proceeding for purposes of § 2253(c), and therefore is not subject to the COA requirement. *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Because Sheffield has not shown that the district court erred in denying his request for appointment of counsel, we AFFIRM in part. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).