# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2020

Lyle W. Cayce
Clerk

No. 20-30429
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAIGE OKPALOBI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-101-7

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Paige Okpalobi, federal prisoner # 34000-034, moves to proceed in forma pauperis (IFP) on appeal from the denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). She also moves for appointment of counsel and has filed an appellate brief.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30429

We construe Okpalobi's IFP motion as a challenge to the district court's certification that her appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may determine the merits of the appeal "where the merits are so intertwined with the certification decision as to constitute the same issue." *Baugh*, 117 F.3d at 202.

Under § 3582(c)(1)(A)(i), a district court may reduce the defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if the court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The applicable policy statement of the Sentencing Commission is U.S.S.G. § 1B1.13, p.s. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Okpalobi contends that an extraordinary and compelling reason exists for her compassionate release because her age and medical conditions place her at high risk in prison during the COVID-19 pandemic. She seeks to complete the remainder of her sentence in home confinement. Her Bureau of Prisons (BOP) facility is the satellite camp at FMC Lexington, which is adjacent to the main FMC Lexington facility.

In denying Okpalobi's motion for compassionate release, the district court determined that none of the circumstances listed in the commentary to § 1B1.13 applied to Okpalobi and that her motion's allegations about the pandemic established only a general fear of COVID-19 that did not amount to an extraordinary and compelling reason warranting relief under

§ 3582(c)(1)(A)(i).  The district court further determined that the § 3553(a) factors weighed heavily against granting § 3582(c)(1)(A)(i) relief.

The district court recognized that Okpalobi's health conditions were not trivial, but the court found that they did not place her on an "end of life" trajectory and were not serious medical conditions that substantially diminished her ability to provide self-care in prison.  § 1B1.13, p.s., comment. (n.1(A)).  With respect to the threat of COVID-19 to Okpalobi, the district court found that, at the time of its June 23, 2020 decision, the FMC Lexington satellite camp had no COVID-19 cases and that the risk of COVID-19 spreading to the satellite camp was being mitigated effectively by BOP countermeasures, such as policies concerning the isolation of inmates and the protection of staff through masks, self-monitoring, social distancing, and cleaning of work spaces.

Okpalobi has not shown that the district court abused its discretion in finding that her existing health conditions and the threat of COVID-19 did not present an extraordinary and compelling reason warranting compassionate release.  A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted).  Okpalobi's medical records support the district court's findings about her health conditions.  Additionally, her own assertions here establish that there were no COVID-19 cases at her facility before the district court's decision, and she has not shown any instance of internal COVID-19 spread there.  Her contentions about COVID-19's effects on inmates at other facilities do not show that the threat of COVID-19 to her at the satellite camp was extraordinary or compelling.

Furthermore, the district court did not abuse its discretion with regard to the § 3553(a) factors.  Okpalobi pleaded guilty to conspiracy to commit

health care fraud and conspiracy to falsify records in a federal investigation. The district court observed that she admitted in pleading guilty that she and co-conspirators used companies she owned or managed to submit fraudulent claims to Medicare totaling about $49,989,323. The district court "'is in a superior position to find facts and judge their import under § 3553(a) in the individual case.'" *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Here, the district court did not abuse its discretion in finding that granting Okpalobi compassionate release only 38 months into her 162-month prison term would not reflect the seriousness of her offenses. *See id.*; § 3553(a)(2)(A).

We GRANT Okpalobi's IFP motion because her arguments for appeal are not frivolous and she qualifies financially. *See* § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Howard*, 707 F.2d at 220. However, we AFFIRM the district court's decision because the denial of Okpalobi's motion for compassionate release was not an abuse of discretion. *See Chambliss*, 948 F.3d at 693. Okpalobi's motion to appoint counsel is DENIED because the interest of justice does not require the appointment of counsel here. *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985); Fifth Circuit Plan Under the Criminal Justice Act, § 3(B).