# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2021

Lyle W. Cayce
Clerk

No. 20-10720
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Miriam Crystal Herrera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-6-9

Before Davis, Jones, and Elrod, *Circuit Judges*.
Per Curiam:[*]

Miriam Crystal Herrera, federal prisoner # 56791-177, appeals the district court's denial of her motion for release to home confinement or for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act. Herrera's motion was largely based on the presence of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the COVID-19 virus in her prison unit and her assertion that she has medical conditions that increase the risk the virus poses to her health. The district court determined that it had no authority to release Herrera to home confinement, and it denied the request for a compassionate-release sentence reduction on the merits.

We review the denial of a motion for compassionate release for an abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

Herrera's brief focuses mainly on arguments challenging the district court's calculation of her guidelines sentencing range and her 480-month sentence. She fails to brief any challenge to the district court's determination that she failed to show extraordinary and compelling circumstances, as required for § 3582(c)(1)(A)(i) relief. While the filings of pro se litigants like Herrera are afforded liberal construction, even pro se litigants must brief arguments to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Herrera has failed to show an abuse of discretion by the district court, and the order denying her motion for release is AFFIRMED. Her motion for the appointment of counsel is DENIED because the interest of justice does not require the appointment of counsel here. *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985); Fifth Circuit Plan Under the Criminal Justice Act § 3(B).