# United States Court of Appeals for the Fifth Circuit

---

No. 24-20245
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2025

Lyle W. Cayce
Clerk

Sean D. Jones,

*Plaintiff—Appellant*,

*versus*

Warden Strong; Suzzane V. Temorio, *Medical Provider*;
Victoria C. Dorimics; Carla D. Teal,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4471

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.
Per Curiam:*

Sean D. Jones, Texas prisoner # 2225017, filed a 42 U.S.C. § 1983 complaint alleging Warden Strong failed to properly train the prison staff and that Suzzane V. Temorio, Victoria C. Dorimics, and Carla D. Teal were deliberately indifferent to his serious medical needs. The district court dismissed the complaint as frivolous and for failing to state a claim pursuant

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to 28 U.S.C. § 1915(e)(2)(B). It determined that Jones's claim against Temorio was barred by the statute of limitations, and that he did not make sufficient factual allegations against Strong, Dorimics, and Teal. Jones appeals.

Our review is de novo. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). Jones makes no argument in his brief that the complaint against Temorio was timely. That issue is abandoned. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Even if we were to consider the issue, however, we see no error in the district court's conclusion.

As for the remaining claims, dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Jones's allegations of deliberate indifference to his serious medical needs, taken as true, are insufficient to state a plausible claim for relief against Dorimics and Teal. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Jones's allegations that Dorimics prescribed a different medication than an outside dermatologist and that Teal did not adequately review his medical file allege at most negligence, which is insufficient. *See id.* Jones also fails to make sufficient allegations to support a claim of supervisory liability against Strong. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

As for Jones's complaint of the district court's failure to appoint counsel, we see no abuse of discretion. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). We likewise decline to appoint counsel on appeal, to the extent Jones requests it in his brief. *See Schwander v. Blackburn*, 750 F.2d 494, 502–03 (5th Cir. 1985).

The judgment of the district court is AFFIRMED, and Jones's constructive motion for appointment of counsel is DENIED.