# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20148
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Douglas Lee Barlow,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CR-177-3

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Douglas Lee Barlow, federal prisoner # 60089-079, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We review the denial of a compassionate release motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20148

With respect to the district court's determination that a balancing of the 18 U.S.C. § 3553(a) sentencing factors did not warrant relief, Barlow contends that the district court failed to give sufficient weight to his rehabilitation, his nearly four decades of incarceration, his advanced age, and his lack of danger to society. Barlow further contends that the district court violated § 3553(a)(6) by granting compassionate release to a codefendant who had a similar background.

Barlow fails to demonstrate "an error of law or a clearly erroneous assessment of the evidence." *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted). Barlow's disagreement with the district court's weighing of the § 3553(a) sentencing factors "is not a sufficient ground for reversal." *Id*. at 694. Because Barlow has not shown an abuse of discretion in the denial of his motion based on the § 3553(a) sentencing factors, we conclude that we should affirm.

Barlow also argues that the district court erred in not appointing counsel to represent him on his motion for compassionate release. A defendant seeking a reduction in his sentence does not have a constitutional or statutory right to counsel. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 & n.3 (5th Cir. 1995). The record does not reflect that Barlow requested the appointment of counsel or that appointment would have been in the interest of justice. *United States v. Robinson*, 542 F.3d 1045, 1052 & n.36 (5th Cir. 2008); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985). Accordingly, the judgment of the district court is AFFIRMED.