# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 13-60724

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

TROY CHEW,

Plaintiff-Appellant

v.

FIGUEROA, Warden Tallahatchie County Correctional Facility; PHILLIPS, Warden Tallahatchie County Correctional Facility; TALLAHATCHIE COUNTY CORRECTIONAL FACILITY; CORRECTIONAL CORPORATION OF AMERICA; NICHOLAS SINNOTT, Kitchen Supervisor; MR. NELSON, Sued in official and individual capacity; MR. BENNY ANDERSON, Head Kitchen Supervisor,

Defendants-Appellees

_____

TROY L. CHEW,

Plaintiff-Appellant

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, CDCR; CORRECTIONAL CORPORATION OF AMERICA; TALLAHATCHIE COUNTY CORRECTIONAL FACILITY, TCCF; F. E. FIGUEROA, Warden, TCCF; NICHOLAS SINNOTT, Supervisor, TCCF; MR. NELSON, Sued in his official and individual capacity; MR. BENNY ANDERSON, Head Kitchen Supervisor,

Defendants-Appellees

————————————————

No. 13-60724

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CV-135
USDC No. 2:12-CV-209

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Troy Chew, Mississippi prisoner # P49667, filed a civil rights complaint under 42 U.S.C. § 1983 against officials of the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi, the facility itself, and the Correctional Corporation of America in the Northern District of Mississippi. Chew alleged that he was working as a butcher at TCCF and slipped and fell in the kitchen injuring himself. Chew filed a similar complaint in the Eastern District of California. This complaint was transferred to the Northern District of Mississippi, and the two cases were consolidated.

The district court dismissed the consolidated complaints for failure to state a claim upon which relief could be granted. The district court found that Chew's suit was barred by the doctrines of res judicata and collateral estoppel. Chew moved for leave to appeal in forma pauperis (IFP). The district court denied the motion and certified that the appeal was not taken in good faith under 28 U.S.C 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). Chew challenges the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On appeal, Chew does not address the reason for dismissal but makes the conclusional argument that the district court was biased against him. Although pro se pleadings are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). In view of Chew's complete failure of his argument to address the reasons for dismissal, he has abandoned any challenge to the district court's application of the doctrines of res judicata and collateral estoppel to his current complaints. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As he has abandoned the only possible issues for appeal, Chew's appeal is without arguable merit and therefore frivolous. *See Howard*, 707 F.2d at 219-20. Accordingly, the IFP motion is DENIED. *See Baugh*, 117 F.3d at 202. Further, because the appeal does not involve legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Chew's motion for the appointment of counsel is also DENIED. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985)

The district court's dismissal and the dismissal of this appeal count as two strikes against Chew. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Chew is cautioned that, should he accumulate three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.